UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN BATTLE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-02552 |
| | § | |
| HSBC BANK USA, NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE FOR | § | |
| PEOPLES CHOICE HOME LOAN | § | |
| SECURITIES CORP., PEOPLES CHOICE | § | |
| HOME LOAN SECURITIES TRUST SERIES | § | |
| 2005-1, MORTGAGE-BACKED NOTES, | § | |
| SERIES 2005-1, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Before the Court is Defendant's Motion to Dismiss (Document No. 9). Defendant's Motion was filed on September 11, 2017. Under Southern District of Texas Local Rule 7.3, Plaintiff's deadline to respond to the motion was October 2, 2017. As of the date of this Order, Plaintiff has yet to respond to the Motion to Dismiss and has not requested an extension of time in which to respond. Accordingly, under Southern District of Texas Local Rule 7.4, the Court considers the Defendant's Motion to Dismiss as unopposed. After considering Defendant's Motion, Plaintiff's Original Petition (Document No. 1), and the applicable law, the Court concludes that Defendant's Motion to Dismiss (Document No. 9) is GRANTED.

### BACKGROUND

In 2004, Plaintiff purchased the property at issue with a loan from a lender, which was secured by a mortgage on the property. The note was then assigned from the lender to Defendant. At some point, Plaintiff defaulted on the note, and Defendant, through its loan servicer, sent Plaintiff a notice of default. Document No. 1-3 at 26–30. Trying to prevent foreclosure, Plaintiff

attempted to negotiate with Defendant to modify the terms and conditions of the loan. Plaintiff alleges that Defendant offered to modify the loan, but after Plaintiff completed and submitted the application for the modification, it was denied.

Plaintiff filed suit in Harris County District Court, seeking injunctive relief from Defendant's pending foreclosure of his property. Document No. 1-3 at 2. Plaintiff received a temporary restraining order from the state court. Several weeks later, Defendant filed a notice of removal, and the case was removed to this Court. As of the date of this Order, the property has not been foreclosed.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A defendant may attack a plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) by alleging that the complaint fails to state "a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive an attack under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## DISCUSSION

In his Original Petition, Plaintiff lists causes of action for failure to provide proper notice, breach of contract, common law fraud, and promissory estoppel. Document No. 1-3 at 3–4.

When reviewing Plaintiff's petition, the Court will take all factual allegations in the petition as true, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### i. Failure to Provide Proper Notice

Under Texas law, after a debtor defaults on a mortgage, the mortgagee must send the debtor a notice of intent to accelerate and a notice of acceleration before the mortgagee can accelerate the note and foreclose on the mortgage. *See Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982) ("[T]he holder of a delinquent installment note must present the note and demand payment of the past due installments prior to exercising his right to accelerate. . . . If, after such notice, the mortgagor fails to remedy the breach, then the mortgagee is authorized to accelerate maturity and begin foreclosure proceedings under the deed of trust."); *Ackley v. F.D.I.C.*, 981 F. Supp. 457, 459 (S.D. Tex. 1997) ("To effect a valid foreclosure, the holder of a defaulted note must give notice of intent to accelerate with demand for payment and time to cure, notice of acceleration, and notice of foreclosure sale at least 21 days before the sale."). "Service of notice is complete when the notice is sent via certified mail." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013); *see also* TEX. PROP. CODE § 51.002(e) ("Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address.").

Plaintiff alleges that he "never received proper notice of default or notice of acceleration that would allow the noteholder to foreclose." Document No. 1-3 at 3. But, even taking Plaintiff's allegation as true, he has failed to state a claim for failure to provide notice under Texas law. Texas's foreclosure notice requirement does not require the debtor to actually receive

the notice. *See Martins*, 722 F.3d at 256 ("There is no requirement that [the debtor] receive the notice."); *accord Garcia v. Bank of New York Mellon*, No. H-14-3054, 2016 WL 6885660, at *3 (S.D. Tex. Feb. 29, 2016) ("There is no requirement that a debtor receives the notice."); *Gossett v. Fed. Home Loan Mortg. Corp.*, 919 F. Supp. 2d 852, 859 (S.D. Tex. 2013) ("Actual receipt of the notice is not necessary." (quoting *WMC Mortg. Corp. v. Moss*, No. 01-10-00948-CV, 2011 WL 2089777, *7 (Tex. App.—Houston [1st Dist.] May 19, 2011))). Because Plaintiff did not plead that notices were never sent, Plaintiff's claim for failure to provide notice fails to state a claim and must be dismissed.

      *ii. Breach of Contract, Fraud, and Promissory Estoppel*

Plaintiff also fails to state claims for breach of contract and promissory estoppel. To satisfy the pleading requirements in Federal Rule of Civil Procedure 8(a)(2), the pleading must contain "more than labels and conclusions"; thus, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In his petition, Plaintiff lists only the elements for breach of contract and promissory estoppel without any factual allegations supporting any of those elements. Plaintiff's "'naked assertion[s] devoid of 'further factual enhancement'" cannot survive a Rule 12(b)(6) motion to dismiss and, therefore, must be dismissed. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

Finally, Plaintiff's claim for fraud fails because it is precluded by the Texas statute of frauds. Plaintiff alleges that Defendant committed fraud against him by making "false a[n]d material misrepresentations to Plaintiff when informing Plaintiff that he would be granted a modification and that Defendant would not take action to foreclose on his property." Document No. 1-3 at 4. Plaintiff also alleges that he relied on those statements, which caused him injury. *Id.*

Under the Texas's statute of frauds, a contract for the sale of real estate must be made in

writing and signed by the person making the agreement. TEX. BUS. & COM. CODE § 26.01(a), (b)(4). Further, a loan agreement for an amount over $50,000 must also be in writing to be enforceable. TEX. BUS. & COM. CODE § 26.02(b). Plaintiff's loan agreement was for a principal sum of $272,000, so his loan agreement clearly falls within the limits of Texas's statute of frauds. Document No. 1-3 at 2; *see Martins*, 722 F.3d at 256 ("A loan agreement for more than $50,000 is not enforceable unless it is in writing."). "An agreement to modify such a loan must also be in writing to be valid." *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 361 (5th Cir. 2017); *accord Martins*, 722 F.3d at 256 ("An agreement regarding the transfer of the property or modification of a loan must therefore be in writing to be valid.").

Here, Plaintiff alleges that Defendant offered to modify his loan agreement to avoid foreclosure. But Plaintiff does not allege that he had a written loan modification or other agreement to modify the terms of the loan. Because the statute of frauds precludes claims based upon oral agreements to modify loans in excess of $50,000, Plaintiff cannot obtain relief on his fraud claim based upon an alleged oral agreement to modify his loan.[1]

## CONCLUSION

The Court, after considering the motion and the applicable law, concludes, for the reasons set forth above, that Defendant's Motion to Dismiss (Document No. 9) should be granted. The Court holds that Plaintiff has failed to state a claim upon which relief can be granted and the case should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss (Document No. 9) is GRANTED and the case is DISMISSED.

---

[1] Plaintiff's promissory estoppel and breach of contract claims also fail for this reason.

SIGNED at Houston, Texas, this 7th day of December, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE